United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11050
Conference Calendar
_____

BILL RUTHERFORD,

Plaintiff-Appellant,

versus

DISCIPLINARY CASE, #2001,0264394,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-166
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bill Rutherford, Texas prisoner # 275320, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action for

failure to state a claim.  He seeks reversal of a prison

disciplinary decision in which he was found guilty of theft of

state property because he did not intend to take a document from

the prison library.  He seeks reversal of the decision because he

was denied a parole interview based on the decision and does not

seek the restoration of his good-time credits.  Because

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Rutherford's challenge to the disciplinary proceeding would imply the invalidity of the disciplinary decision and he has not shown that the disciplinary decision has been overturned or otherwise invalidated, he cannot challenge the decision in a 42 U.S.C. § 1983 action.  See Edwards v. Balisok, 520 U.S. 641, 646-49 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Rutherford's appeal is without arguable merit.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Therefore, his appeal is DISMISSED as frivolous.  See 5TH CIR. R. 42.2.

The district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim and this court's dismissal of his appeal as frivolous each count as a "strike" under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Rutherford has received strikes in the following cases: Rutherford v. Board of Pardons and Paroles, No. 02-51262, Rutherford v. Board of Pardons and Paroles,  No. 02-51259, Rutherford v. Board of Pardons and Paroles,  No. 02-51260, Rutherford v. Board of Pardons and Paroles, No. 02-51268, Rutherford v. Board of Pardons and Paroles, No. 02-51266, and Rutherford v. Bell County Jail Administrator, No. 02-51261. Rutherford has now accumulated over three strikes under 28 U.S.C. § 1915(g), and he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED;

28 U.S.C. § 1915(g) BAR IMPOSED.